United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Veronica Mesa, Plaintiff )<br>)<br>v. )<br>)<br>Kilolo Kijakazi, Commissioner of )<br>the Social Security Administration, )<br>Defendant. ) | Civil Action No. 21-20424 -Civ-Scola |

### Order Adopting Magistrate Judge's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. Judge Goodman issued his report, recommending that the Court deny Plaintiff Veronica Mesa's motion for summary judgment (ECF No. 20), grant Defendant Kilolo Kijakazi, Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 25), and affirm the administrative law judge's unfavorable decision. (Rep. & Recs., ECF No. 28.) Mesa filed purported objections (ECF No. 29); to which the Commissioner did not submit a response. After reviewing the filings, the applicable law, and the record, the Court **overrules** Mesa's objections (**ECF No. 29**), **adopts** Judge Goodman's report and recommendation (**ECF No. 28**), **denies** Mesa's motion for summary judgment (**ECF No. 20**), and **grants** the Commissioner's motion for summary judgment (**ECF No. 25**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort,* 208 F. App'x at 784.

Here, Mesa filed a document purporting to set forth her objections. Although her filing spans fourteen pages, the only "objection" Mesa actually presents is that "there is no basis for the Magistrate [Judge]'s assertion that issue exhaustion exists in the context of Social Security disability claims and that Mesa is precluded from now arguing the [vocational expert]'s testimony about jobs numbers is inconsistent with the federal government's own data." (Pl.'s Objs. at 3.) She continues, "[s]imply because a VE's testimony may have gone unchallenged at the hearing, does not mean the opportunity to challenge it is completely foreclosed." (*Id.*) The remainder of her submission is comprised solely of an exact, word-for-word replica of vast swaths of the argument sections of her motion for summary judgment. This submission does not satisfy the specificity requirement for presenting objections: Mesa's filing and vaguely asserted objections do not even come close to specifically identifying the portions of the proposed findings and recommendation to which she objects or the specific bases, supported by legal authority, for her objections.

Irrespective of Mesa's improper objections, the Court has conducted a de novo review of the entire record and the report and recommendations in this case. The Court agrees with all of Judge Goodman's findings and conclusions: Mesa's constitutional arguments, regarding the structure of the Social Security Administration are unavailing; the VE's testimony amounts to substantial evidence upon which the administrative law judge could rely; and the administrative law judge did not inappropriately discount the reports presented by two doctors who assessed Mesa. The Court finds Judge Goodman's report and recommendation well reasoned and thorough. Further, the Court has carefully reviewed Mesa's objections, such as they are, and concludes they are without merit. In sum, the administrative law judge's decision was supported by substantial evidence and applied the proper legal standards.

The Court, therefore, **affirms and adopts** the report and recommendation (**ECF No. 28**), **overruling** Mesa's objections (**ECF No. 29**), thus **granting** the Commissioner's motion for summary judgment (**ECF No. 25**), and **denying** Mesa's motion for summary judgment (**ECF No. 20**). Finally, the Court directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on September 21, 2022.

Robert N. Scola, Jr.
United States District Judge